## EDY V. WILLIAMS.

A man is not concluded by a judgment to which he was not party or privy.

ACTION of ejectment for certain lands. The defendant plead in bar — That on the 10th of February, A. D. 1787, the plaintiffs, Tisdale Edy and Gilbert Edy, were sole owners of the demanded premises; and by deed of that date, conveyed it to Jonathan Boardman of Preston, and said Jonathan, on the 21st of March, A. D. 1787, by deed conveyed it to Henry Williams; and by agreement, the plaintiff was to remain in possession, one year from said sale; at the expiration of said year, the plaintiff refused to deliver up the possession, and claimed the same in virtue of a lease, given him by said Boardman, dated the 11th of February, A. D. 1787, for the term of 999 years, defeasible upon said Boardman's paying to him the sum of £533 13s. 4d., money of New York, of which the defendant was wholly ignorant; and the plaintiff leased said premises to William Chapman, who entered upon said premises, and the said Henry Williams brought his action against him for said premises; and before the Superior Court at New London, on fourth Tuesday of September, 1788, upon the plea of no wrong or disseisin, he recovered judgment for the demanded premises against said Chapman, in which trial the present plaintiff appeared and took upon him the defense of said title: which judgment was executed, and the said Henry put into possession on the 6th of October, A. D. 1788, and that the defendant is in holding the same under said Henry, as tenant to him; and thereupon he says that the title to said land hath been once heard, adjudged and determined, and ought not again to be drawn in question.

The plaintiff replied, and recites the lease, and the conditions, which are — that whereas Jonathan Boardman has this day given to said Edy two notes, one for £266 13s. 4d., money of New York, payable on the 15th of May next, in good rum at four shillings per gallon — One for £266 13s. 4d., like money, payable in good rum at four shillings per gallon, by the 15th of May, A. D. 1788; now if said Board-

man pay said notes then said lease is to be void.  The plaintiff further says, that the sale and transaction between said Henry and said Boardman were fraudulent and done to cheat him out of said land; and that although it be true that said Henry did recover judgment for said land against said Chapman, as the defendant has plead, and that he did furnish said Chapman with said lease; yet said Chapman by collusion with said Henry, suffered said judgment to go against him, and immediately after took a lease of said land from said Henry, and has discharged and released to him all right of bringing any writ of error or petition for a new trial in said cause, so that if the plaintiff is barred, it is by a judgment to which he was not a party, nor of which he had the control; having never been properly cited in to vouch and defend said title, and against which he has no remedy.

Demurrer to the reply—Judgment that the plaintiff's reply is sufficient, and that the plaintiff recover.

By the COURT.  It appears by the pleadings that the plaintiff hath not had a day in court in which he could be heard upon the validity of his title; and to adjudge the bar sufficient, would preclude him from ever having an opportunity to be heard thereon, which the law never intended.